UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

JAMES DORA,
Institutional ID No. 2367095,

        Plaintiff,

v.

KELLY ROWE, *et al.*,

        Defendants.

No. 5:20-CV-00270-H

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE
AND REQUIRING A MOTION ON QUALIFIED IMMUNITY**

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) that this Court enter a limited scheduling order requiring the remaining defendants to file a motion for summary judgment for the purpose of making a preliminary determination on qualified immunity. (Dkt. No. 59.) The Magistrate Judge also recommended that the Court grant Plaintiff's request (Dkt No. 50) and permit limited discovery for the purpose of identifying a John Doe defendant for service. (*Id.*) No objections were filed. The District Court has reviewed the FCR for plain error. Finding none, the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge.

1. **Limited Discovery to Identify Doe Officer**

First, the Court finds that limited discovery is warranted at this time to allow Plaintiff an adequate opportunity to identify the Doe Officer to facilitate service of process on his medical denial claim. As a result, Plaintiff's request for limited discovery (Dkt. No.

50) is granted. Defendants must produce the following within 30 days of the date of this order:

1. Lubbock County duty rosters and other personnel records identifying any LCDC employees who were working in or present near the cell where Plaintiff alleges that the Doe Officer denied him medical treatment on February 18, 2020.

2. The use-of-force report for the February 18, 2020 incident.

3. Any sick-call requests submitted by Plaintiff on February 18, 2020, and any records of medical services offered to Plaintiff on February 18, 2020.

4. Any remaining video footage from the area where Plaintiff alleges the Doe Officer denied him medical treatment on February 18, 2020.[1]

Plaintiff must, no later than May 23, 2022, identify the Doe Officer alleged to have denied him medical treatment, and provide a location where the defendant may be served. If Plaintiff cannot identify the Doe Officer, the Court will dismiss Plaintiff's medical denial claim against the Doe Officer without prejudice.

**2. Motions on Qualified Immunity**

Second, the remaining defendants who have already appeared[2] are each ordered to file a motion for summary judgment with supporting evidence on the issue of qualified immunity no later than May 23, 2022.[3] The summary-judgment motion, any response, and

---

[1] The Court notes that Lubbock County filed a response to Plaintiff's motion, averring that the facility security video from the relevant time and area was purged from the system some time before November 19, 2020, and that no relevant video exists at this time. (Dkt. No. 51.)

[2] The defendants and claims subject to this order are (1) Officer Mauro Castillo for excessive force, (2) Officer Selena Garcia for excessive force and deliberate indifference to serious medical needs, (3) Sheriff Kelly Rowe for denial of visitation, reduced food portions, and mail tampering, and (4) Officer Tracy Landeros for tampering with privileged mail. All of these defendants have been served with process and have appeared.

[3] After the issue of qualified immunity is resolved, an additional summary-judgment motion on any or all remaining issues may be filed if need be. *See* LR 56.2(b).

any reply must comply with the requirements of the Local Civil Rules of the Northern District of Texas.

Except as noted above, discovery will remain stayed pending a ruling on the anticipated motion for summary judgment or further order from the Court. *See Wicks v. Miss. State Emp't Servs., Inc.*, 41 F.3d 991, 994–95 (5th Cir. 1995); *see also Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987); *Webb v. Livingston*, 618 F. App'x 201, 206 (5th Cir. 2015) (per curiam). If a claim survives summary judgment on immunity grounds, then the parties are entitled to all appropriate discovery, even discovery that does not relate to the qualified immunity defense. *See Zantiz v. Seal*, 602 F. App'x 154, 159 (5th Cir. 2015) (quoting *Lion Boulos*, 834 F.2d at 507–08).

Where a defendant has asserted a qualified-immunity defense, the Court may, under certain circumstances, permit limited discovery that is narrowly tailored to uncover facts that the Court needs to rule on the qualified-immunity defense. *See Wicks*, 41 F.3d at 994. On a proper request, the Court may authorize a plaintiff to conduct limited discovery in order to respond to the qualified-immunity issues raised in the expected motion for summary judgment. *See Backe*, 691 F.3d at 648 (explaining that "this court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense"); *Hinojosa v. Livingston*, 807 F.3d 657, 670 (5th Cir. 2015) (providing that "a district court may elect the defer-and-discover approach 'when the defendant's immunity claim turns at least partially on a factual question' that must be answered before a ruling can issue"); *cf. Nance v. Meeks*, No. 3:17-cv-1882-L-BN, 2018 WL 5624202, at *4 (N.D. Tex. Aug. 1, 2018) (finding that "a court's qualified immunity inquiry at [the summary judgment] stage requires that the

3

Court 'accept the plaintiff's version of the facts (to the extent reflected by proper summary judgment evidence) as true.'" (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (citations omitted)), *rec. accepted*, 2018 WL 5620469 (N.D. Tex. Oct. 30, 2018).

After Defendants file their motions for summary judgment, the Court will issue an order setting forth procedures and deadlines for any possible request for limited discovery related to the affirmative defense of qualified immunity. Plaintiff may file a response to Defendants' motions for summary judgment **no later than 30 days** from the date shown on the certificate of service attached to the motion for summary judgment.

So ordered.

Dated March 24, 2022.

_____
JAMES WESLEY HENDRIX
United States District Judge